```
UNITED STATES DISTRICT COURT                           ORIGINAL
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KEVIN JENKINS,

                    Petitioner,
                                                    MEMORANDUM & ORDER
        -against-                                   No. CV-03-4721 (FB)

WILLIAM PHILLIPS, Superintendent, Green
Haven Correctional Facility,

                    Respondent.
----------------------------------------------------------x
```

*Appearances:*
*For the Petitioner:*  *For the Respondent:*
KEVIN JENKINS, *Pro Se*  CHARLES J. HYNES, ESQ.
#98A7033  District Attorney, Kings County
Green Haven Correctional Facility  By: LEONARD JOBLOVE, ESQ.
P.O. Box 4000  MORGAN J. DENNEHY, ESQ.
Stormville, NY 12582  Renaissance Plaza at 350 Jay Street
 Brooklyn, NY 11201-2908

**BLOCK, District Judge:**

Pro se petitioner Kevin Jenkins ("Jenkins") seeks a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 following his conviction in the New York Supreme Court, Kings County, for murder. Jenkins claims that (1) he was denied a fair trial and the right to present a defense when the trial court permitted the government to introduce a ballistics report that was not disclosed to Jenkins until after trial had commenced, and (2) he was denied effective assistance of trial counsel. Jenkins's first claim was presented to and rejected by the Appellate Division, Second Department, *see People v. Jenkins*, 284 A.D.2d 550

1

(2d Dep't 2001), and was fully exhausted when the New York Court of Appeals affirmed the Appellate Division. *See People v. Jenkins*, 98 N.Y.2d 280 (2002). He raised his second claim in a New York Criminal Procedure Law § 440.10 motion, which was rejected by the Kings Country Supreme Court, *see People v. Jenkins*, No. 9727-97 (N.Y. Sup. Ct. Mar. 31, 2004), and was fully exhausted when the Appellate Division denied leave to appeal. *See* Resp't Aff. at 6 ("By decision and order dated June 29, 2004, defendant's application [to the Appellate Division for leave to appeal] was denied (Miller, J.).").[1] For the reasons set forth below, his petition is denied.

**I.**

Only federal issues may be raised on *habeas* review. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when a federal claim has been "adjudicated on the merits" by a state court, the state court's judgement is entitled to substantial deference. *See* 28 U.S.C. § 2254(d). "[A] state court adjudicates a state prisoner's federal claim on the merits when it (1) disposes of the claim on the merits, and (2) reduces its disposition to judgment." *Sellan v. Kuhlman*, 261 F.3d 303, 312 (2d Cir. 2001) (citations and quotations omitted).

For claims "adjudicated on the merits," *habeas* relief may not be granted unless the state court decision (1) was "contrary to, or involved an unreasonable

---

[2] A claim is fully exhausted once the Appellate Division has denied leave to appeal the denial of a § 440.10 motion because further leave to the Court of Appeals is not available. *See* N.Y. Rules of Court, Court of Appeals, § 500.10(a).

application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law "if the state court applies a rule that contradicts the governing law set forth" in Supreme Court precedent or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives" at a different conclusion. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). A state court decision involves an "unreasonable application" of clearly established federal law if it unreasonably applies Supreme Court precedent to the particular facts of a case. *See id.* at 409. This inquiry requires a court to "ask whether the state court's application of clearly established federal law was objectively unreasonable," not whether the application was erroneous or incorrect. *Id.* In that respect, the standard to be applied "falls somewhere between merely erroneous and unreasonable to all reasonable jurists." *Wade v. Mantello*, 333 F.3d 51, 57 (2d Cir. 2003) (quoting *Jones v. Stinson*, 229 F.3d 112, 119 (2d Cir. 2000)). However, the "increment [of incorrectness beyond error] need not be great; otherwise, habeas relief would be limited to state court decisions so far off the mark as to suggest judicial incompetence." *Eze v. Senkowski*, 321 F.3d 110, 125 (2d Cir. 2003) (quoting *Francis S. v. Stone*, 221 F.3d 100, 111 (2d Cir. 2000)).

II.

## A. Ballistics Report

Jenkins argues that he was prejudiced by the prosecutor's failure to turn over the ballistics report until after trial had commenced. New York law provides that "upon a [defendant's] demand . . . , the prosecutor shall disclose . . . [a]ny written report . . . concerning a . . . scientific test or experiment." N.Y. Crim. Pro. L. 240.20(1)(c). Jenkins contends that he made multiple requests for the ballistics report and that the prosecutor agreed that the report would be disclosed prior to trial, but that the report was not disclosed until after trial had commenced.

Although only federal issues may be raised on *habeas* review, an issue of state law is cognizable on *habeas* review where either a misapplication of state law or the state law itself violates a federal right. *See, e.g., Ponnapula v. Spitzer*, 297 F.3d 172, 187 (2d Cir. 2002) ("[A] federal habeas court does not sit to correct a misapplication of state law, unless such misapplication violates the Constitution, laws, or treaties of the United States."); *Rock v. Arkansas*, 483 U.S. 44 (1987) (*habeas* granted where state rule violated a federal right). It is undisputed that New York's law on disclosure is constitutional; at issue is only whether it was erroneously applied in a manner that violated a federal right.

It is well established that "[t]here is no general constitutional right to discovery in a criminal case[.]" *Gray v. Netherland*, 518 U.S. 152, 168 (1996) (quoting *Weatherford v. Bursey*, 429 U.S. 545, 559 (1977)). "Rather, the Constitution requires, per the

4

due process clause, only that the defendant not be deprived of a fundamentally fair trial." *Lorraine v. Coyle*, 291 F.3d 416, 441 (6th Cir. 2002) (citing *Weatherford*, 429 U.S. at 559). A defendant may be deprived of a fair trial "if the nondisclosure . . . was error and was substantially prejudicial." *United States v. Yousef*, 327 F.3d 56, 168 (2d Cir. 2003).

Jenkins's claim is predicated upon the following relevant facts found by both the Appellate Division and the Court of Appeals. Jenkins was charged with fatally shooting Mark Carroll ("Carroll"). At trial, the prosecutor introduced evidence that twenty shell casings and a bullet fragment were recovered from the crime scene and that a single bullet was recovered from Carroll's body. Jenkins contended that there were multiple shooters; in pursuit of this theory, he cross-examined two witnesses, the medical examiner and a police officer who investigated the crime scene, who both conceded that they could not conclude that the ballistics evidence originated from a single assailant or a single weapon. The prosecutor, however, subsequently introduced a ballistics report that established that the twenty shell casings originated from a single weapon, thereby undermining Jenkins's defense theory.

Both the Appellate Division by a three to one vote, and the Court of Appeals by a six to one vote, held that even if the prosecutor failed to comply with New York's disclosure law, the failure did not prejudice Jenkins. The Court of Appeals explained

> Although the ballistics report indicated that all the shell casings found at the scene came from the same gun, the ballistics expert could not conclude that a bullet recovered

5

> from the victim's body or a bullet fragment recovered from the scene were fired from the same gun as the casings, and thus, the defendant was still able to, and did, pursue his defense that there were multiple shooters, any one of whom could have fired the fatal shots. . . . It cannot be said that, on this record, defendant was unduly prejudiced and that preclusion of the ballistics evidence was required. . . . Further, in fashioning what it deemed to be an appropriate remedy, the trial court offered to adjourn the case to allow defendant an opportunity to review the evidence and to retain his own expert witness, an offer which defendant rejected.

*Jenkins*, 98 N.Y.2d at 284. In both the Appellate Division and Court of Appeals, the dissenters found that Jenkins had been prejudiced; the dissenting judge from the Court of Appeals explained that "the fact that the defendant was still able to pursue a defense that was significantly weakened and ultimately unsuccessful does not diminish the fact that the defendant suffered significant prejudice." *Id.* at 288.

Based on the Court's review of the record, even if the Court were to agree with the dissenters, it cannot conclude that the determination by the Court of Appeals was either an unreasonable application of clearly established Supreme Court precedent or based on an unreasonable determination of the facts in light of the evidence. At best, it was merely erroneous, which is not sufficient to grant *habeas*. Thus, Jenkins's claim is denied.

## B. Ineffective Assistance

Jenkins also argues that he received ineffective assistance of trial counsel because his counsel gave him incorrect information regarding a potential plea offer and improperly consented to the admission of a witness's medical records.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), a defendant must show that counsel's representation "fell below an objective standard of reasonableness" based on "prevailing professional norms," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. In evaluating the merits of Jenkins's ineffective assistance claim, the state court correctly invoked the proper two prong standard in *Strickland*. *See Jenkins*, No. 9727-97, at 6, 14.

In regard to the plea offer, the state court on the section 440.10 motion found that Jenkins could not establish the second prong of *Strickland* because there was "no reasonable probability that the [prosecution] would have consented to or offered [the] plea that [Jenkins claimed he would have accepted]." *People v. Jenkins*, No. 9727-97, at 8-9. In regard to counsel's consent to the admission of the medical records, the state court found that counsel's actions constituted a sound trial strategy because "the prosecution threatened that if the records would not be admitted into evidence they would withdraw their motion to dismiss [other counts.]" *Id.* at 14-15. Based on its review of the trial record, the Court concludes that the state court's analysis was neither an unreasonable application of clearly established Supreme Court precedent nor based on an unreasonable determination of the facts in light of the evidence.

## CONCLUSION

The petition is denied. A certificate of appealability will not issue because Jenkins has failed to make a substantial showing of the denial of a federal right. *See* 28 U.S.C. § 2253.

**SO ORDERED.**

FREDERIC BLOCK
United States District Judge

Brooklyn, New York
April 21, 2005