UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
KEVIN JENKINS,

              Petitioner,

  -against-

WILLIAM PHILLIPS, Superintendent, Green
Haven Correctional Facility,

              Respondent.
-------------------------------------------------------------x

**MEMORANDUM & ORDER**
No. CV-03-4721 (FB)

*Appearances:*
For the Petitioner:
KEVIN JENKINS, *Pro Se*
#98A7033
Green Haven Correctional Facility
P.O. Box 4000
Stormville, NY 12582

For the Respondent:
CHARLES J. HYNES, ESQ.
District Attorney, Kings County
By:  LEONARD JOBLOVE, ESQ.
      MORGAN J. DENNEHY, ESQ.
Renaissance Plaza at 350 Jay Street
Brooklyn, NY 11201-2908

**BLOCK, District Judge:**

      *Pro se* petitioner Kevin Jenkins ("Jenkins") moves for reconsideration of the Court's judgment denying his petition for a writ of *habeas corpus*. *See Jenkins v. Phillips*, No. 03-CV-4721 (E.D.N.Y. Apr. 21, 2005). Jenkins contends that the Court erred in denying his claim of ineffective assistance of trial counsel that was based on his counsel's consent to the admission of a witness's medical records.

      Jenkins's ineffective-assistance claim lacks merit. As the Court explained in its April 21, 2005 Memorandum & Order:

> In regard to counsel's consent to the admission of the medical records, the state court found that counsel's actions constituted a sound trial strategy because "the prosecution threatened that if the records would not be admitted into evidence they would withdraw their motion to dismiss [other counts against Jenkins.]" [*People v. Jenkins*, No. 9727-97, at 14-15 (N.Y. Sup. Ct. Mar. 31, 2004).] Based on its review of the trial record, the Court concludes that the state court's analysis was neither an unreasonable application of clearly established Supreme Court precedent nor based on an unreasonable determination of the facts in light of the evidence.

*Id.* at 6-7.

The medical records had already been lawfully admitted into evidence and the prosecution was under no obligation to dismiss the other counts. Therefore, defense counsel's consent only served to benefit Jenkins because it eliminated the possibility that Jenkins would be convicted for those counts; alternatively, if the prosecution did not dismiss the counts, the medical records would have remained in evidence *and* Jenkins would have faced possible convictions for those counts. Under these circumstances and in light of the trial judge's willingness to reinstate the previously withdrawn counts, it cannot be said that defense counsel's strategy was unsound. Accordingly, the motion for reconsideration is denied.

**SO ORDERED.**

_____
FREDERIC BLOCK
United States District Judge

Brooklyn, New York
August 23, 2005